BOYD, Justice.
In response to the Petitioners’ prayer for a writ of mandamus and upon their allegations that Respondents had granted to Crown Ford, Inc. permission to operate a Ford Motor dealership on the North side of Jacksonville without statutory notice having been served upon them, this Court issued an alternative writ of mandamus. After carefully reviewing Respondents’ return and all the briefs filed in this matter we are of the opinion that a peremptory writ of mandamus should be denied.
On February 16, 1973, Miller Joiner Ford, Inc. applied to the Division of Motor Vehicles, Department of Highway Safety and Motor Vehicles, State of Florida, for a license to serve as a Ford franchised dealer on the North side of Jacksonville. Submitted with the application were letters from Petitioners Southside Motor Company and Duval Motor Company directed to Respondents, dated January 15, 1973, stating that they had no objection to the application. Petitioners Lynch-Davidson Ford, Inc. entered a protest letter. A hearing was held upon the application, and John Calvin, Director of the Division of Motor Vehicles, entered an order granting the license to Miller Joiner, Inc. on June 25, 1973. Lynch-Davidson Ford, Inc. petitioned for a writ of certiorari in the District Court of Appeal, First District, challenging the order. The First District Court of Appeal granted certiorari and remanded with directions that an appropriate final order be entered containing specific findings of fact based upon the evidence adduced at the hearing.
On January 16, 1975, Director Calvin entered a final order as required, containing specific findings, and concluding that the evidence supported the grant of the license. Petitioner Lynch-Davidson Motors, Inc. then filed a “Petition to Vacate Opinion and Rescind Challenged License,” which was considered by the First District Court of Appeal and denied.
On May 20, 1975, Ford Motor Company filed a Notice of Termination and its franchise with Miller Joiner was duly terminated. On August 12, 1975, Miller Joiner Ford’s license was cancelled by Respondents because of the termination of its franchise relationship with Ford Motor Company.
Reasoning that a dealer point was established when Miller Joiner’s license was issued and that the dealer point continued to exist despite the cancellation of the license, the Department gave Ford Motor Company a reasonable time in which to select a replacement franchisee to be located at the dealer point. Crown Ford, Inc. was chosen by Ford Motor Company as the successor franchisee and a license to act as a Ford franchised dealer was issued to Crown Ford, Inc. on December 1, 1975.
Petitioners complain that, when issuing the license to Crown Ford, Respondents did not comply with Section 320.642, Florida Statutes, or Rule 15C-1.08, Florida Administrative Code. Rule 1 SC-1.08 was not in effect at the time the license was issued because it was stricken from the files of the Department of State on October 1, 1975 in accord with Section 120.72(4) (a), Florida Statutes. Therefore the rule is not applicable to this case. Section 320.642, Florida Statutes, states:
“320.642 Dealer licenses in areas previously served. — The department shall deny an application for a motor vehicle dealer license in any community or territory where the licensee’s presently licensed franchised motor vehicle dealer or dealers have complied with licensee’s agreements and are providing adequate representation in the community or territory for such licensee. The burden of proof in showing inadequate representation shall be on the licensee.”
*615 Director Calvin has determined that a replacement dealer, such as Crown Ford, Inc., does not come within the purview of Section 320.642, since the statute applies to the establishment of new dealerships and not to a replacement dealer.
We agree with Respondent’s construction of the statute. This determination is based on the reality that a replacement dealer placed in an existing established dealer point which has become open by virtue of a franchise cancellation does not pose a threat to other existing dealerships since the replacement dealer does not offer additional competition.
The peremptory writ of mandamus is denied.
It is so ordered.
OVERTON, C. J., and ENGLAND, SUNDBERG and HATCHETT, JJ., concur.