BERANEK, Judge.
These two cases, consolidated for purposes of appeal, involved applications to the Department of Highway Safety and Motor Vehicles to act as franchised automobile dealers. For reasons set forth below, we affirm in part and reverse in part.
Case No. 80-443 involved approval by the Department of Highway Safety and Motor Vehicles of an application by King Motor Company for a Fiat franchised dealership. Appellant requested a hearing pursuant to Section 320.642, Florida Statutes (1979), which reads:
The department shall deny an application for a motor vehicle dealer license in any community or territory where the licensee’s presently licensed franchised motor vehicle dealer or dealers have complied with licensee’s agreements and are providing adequate representation in the community or territory for such licensee. The burden of proof in showing inadequate representation shall be on the licensee.
Appellant, also a Fiat dealer, objected to the issuance of the franchise, and by formal *1135 letter request, sought a hearing on the issue of ‘Community or territory.” Appellant asserted that the franchise in question was to be located 25 miles away from the previous franchise dealer which the new franchise was replacing. The Department of Highway Safety and Motor Vehicles advised appellant that no hearing under Section 320.-642, Florida Statutes (1979), was necessary because the dealership was a replacement dealer rather than a new dealer and thus the statute did not apply. The Department relied upon Southside Motor Company v. Askew, 332 So.2d 613 (Fla.1976), which holds that Section 320.642 does not apply to a replacement dealer. We believe the Department incorrectly applied the rationale of the Southside Motor Company case and reverse.
Southside Motor Company v. Askew, supra, involved a replacement dealer located in exactly the same place as the dealer which was being replaced. In accordance with the appellant’s position herein, the dealership in question is 25 miles away from the physical location of the dealer which is being replaced. There is an obvious factual dispute in this case because the Department wrote to appellant in response to his request for a hearing and advised that the new dealership was only 10 miles distant from the prior dealer rather than 25 miles distant. In our opinion, this represents a substantial factual dispute which should have been resolved by hearing. Even if the Department is correct and the new dealership is 10 miles distant from the prior dealership, Southside Motor Company does not render Section 320.642, Florida Statutes (1979), inapplicable. We construe the Southside precedent to be limited to those situations where a replacement dealer is to occupy the same or substantially the same location. Here, there was at least a 10 mile difference and perhaps a 25 mile difference depending upon resolution of the factual issue presented by the record. The record on appeal in this case which was prepared by the Department of Highway Safety and Motor Vehicles contains absolutely no support for either the 10 mile version or the 25 mile version.
The Department acted improperly in failing to abide by Section 320.642, Florida Statutes (1979), and Rule 15C-1.08, Florida Administrative Code, which provides in relevant part:
15C — 1.08 Preliminary filing of an application for a motor vehicle dealer’s license; procedure. Any person who contemplates the establishment of a motor vehicle business . . . shall .. . notify the Director of the Division of Motor Vehicles of his intention to establish such motor vehicle business....
Upon receipt of such notice the Director shall be authorized to proceed with making the determination required by Section 320.642, Florida Statutes, and shall cause a notice to be sent to the presently licensed franchised dealers for the same make or makes of vehicles in the territory or community in which the new dealership proposes to locate, advising such dealers of the provisions of Section 320.642, Florida Statutes, and giving them and all real parties in interest an opportunity to be heard on the matters specified in that Section. . . . The Director may make such further investigation and hold such hearing as he deems necessary to determine the questions specified under Section 320.642.. ..
Under the statute and regulation, appellant should have been given the opportunity for an evidentiary hearing and the denial of a hearing is reversed.
Case No. 80-530 involved an application for a dealer’s license by Steering Wheel, Inc., to act as an Alfa-Romeo franchised automobile dealer. The appellant in this matter never made an appropriate request for a hearing pursuant to Section 320.642, Florida Statutes (1979), or Chapter 120, Florida Statutes (1970). The appellant, having made no attempt to obtain a hearing, cannot now complain of not receiving one and we affirm the denial of a hearing on this matter.
AFFIRMED IN PART; REVERSED IN PART.
DOWNEY, J., concurs.
HURLEY, J., dissents with opinion.